United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>LANCE CHRISTIAN WHITE, et al.,<br><br>      Defendants. | C 11-01331 CW (JSC)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS (Dkt. No. 36)** |

Plaintiff Joe Hand Promotions, Inc., brought this civil action for violations of the Federal Communications Act of 1934, 47 U.S.C. § 605, and The Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, against Defendants Lance Christian White, individually, and Rise Restaurant, d.b.a. British Bankers Club. On September 21, 2011, the Court granted Plaintiff's motion for default judgment and entered judgment against Defendants. Plaintiff has now filed a motion for attorneys' fees and costs which has been referred to the undersigned Judge for a report and recommendation. Having carefully considered Plaintiff's submission, the Court recommends that the motion be GRANTED in part.

**BACKGROUND**

Plaintiff Joe Hand Promotions is a commercial distributor and licensor of sporting events. Plaintiff purchased the right to distribute a boxing match, *C 114: Rampage v. Evans Broadcast* (Broadcast), via closed circuit television and via encrypted satellite signals, on May 29, 2010. Plaintiff alleged that Defendants exhibited the Broadcast at the British Banker's Club without first obtaining a license for the Broadcast, and thereby, unlawfully intercepted, received and/or descrambled the satellite signal and/or cable signal for the Broadcast. The Court granted Plaintiff's motion for default judgment on the claim for relief under 47 U.S.C. § 553 (interception of a cable signal), but not under 47 U.S.C. § 605 (interception of a satellite signal). The Court awarded $7,500 in damages for Defendants' violation of Section 553 and conversion under California Civil Code § 3336. However, the Court denied Plaintiff's request for attorneys' fees and costs because Plaintiff had not requested a specific amount of fees or costs, or submitted documentation in support of the request. The request was denied without prejudice to renewal accompanied by counsel's curriculum vitae or resume, billing and cost records, and any other documents supporting the request for reasonable attorneys' fees and costs.

**DISCUSSION**

Plaintiff has now filed a motion for attorneys' fees and costs seeking $3,382.50 in fees and $1,135.39 in costs.[1] In support of Plaintiff's motion, David J. Davoli, counsel for Plaintiff, has submitted a declaration describing the calculation of these amounts. (Dkt. No. 36-1).

47 U.S.C. § 553(c)(2)(c) states that the Court may award reasonable attorneys' fees and costs for a violation of the statute. Given that Plaintiff prevailed on his claim for relief under Section 553, the Court finds that Plaintiff is entitled to fees. To calculate the amount

---

[1] Plaintiff's motion actually requests $1,115.39 in costs, but the supporting declaration of Plaintiff's counsel David J. Davoli ("Davoli Declaration") indicates that Plaintiff is seeking $1,135.39. (Dkt. No. 36-1). The Court relies on the amount in the Davoli Declaration for purposes of this Order because the attached invoices for the process server are consistent with that total rather than the total in the motion for attorneys' fees and costs.

2

of attorneys' fees, the Court uses the "lodestar" method.  See Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.  Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted).

Here, Plaintiff's request for $3,382.50 in fees was calculated based a chart in the Davoli Decalaration.  However, this amount is not the product of contemporaneous time records.  Rather, Plaintiff states "[w]e do not use computerized time sheets or electronic legal billing software.  Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves.  In light of our routine handling of these types of matters, we are extremely capable of reconstructing an accurate outline of our billable time on this file." (Dkt. No. 36-1 ¶ 8).  Thus, the chart in the Davoli Declaration is a reconstruction of sixteen different billing entries based counsel's review of the case file and yields the following totals:

    Attorney time: 10.7 hours at $300.00 per hour = $3,210.00
    Paralegal time: 1.1 hours at $150.00 per hour = $165.00
    Administrative Assistant: 0.1 hours at $75.00 per hour = $7.50

Plaintiff's billing records fall short of the type of detailed time records courts require.  See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 438 n.13 (1983) (finding that the district court properly reduced the hours of one attorney by thirty percent to account in part for his failure to keep contemporaneous time records); Joe Hand Promotions, Inc. v. Be, No. 11-1333, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) (denying plaintiff's request for attorney's fees under nearly identical circumstances); Zynga Game Network Inc. v. Erkan, No. 09–3264, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (denying a motion for attorney's fees

1  where plaintiff failed to attach actual billing records).  Because the billing records were not
2  created contemporaneously, the Court finds that they are inherently less reliable.  In some
3  instances, the Court finds that the billing entries overstate the amount of time attributable to
4  the activity.

5       Specifically, counsel has indicated that the underlying motion for attorneys' fees took
6  2.2 hours.  However, the motion appears to be a form motion which fails to address the fact
7  that in this case attorneys' fees are only proper under Section 553(c)(2) because the Court
8  found that Plaintiff failed to state a claim for relief under Section 605.  Further, Plaintiff
9  misstates the law regarding fees under these statutes and suggests that fees are mandatory
10 under Sections 553(c)(2) and 605(e)(3).  Although fees under Section 605 are mandatory,
11 fees under Section 553(c)(2)fees are discretionary and awarded where *reasonable*.  The
12 Court thus finds that 2.2 hours is an excessive request for the work counsel performed on this
13 motion.

14      Similarly, the Court finds Plaintiff's request for 6 hours for preparation of the motion
15 for default judgment to be excessive.  Like the motion for attorney's fees, the motion for
16 default judgment is a form motion which is virtually identical to motions Plaintiff (through
17 different counsel) filed in many other cases in this and other districts.  See, e.g., Joe Hand
18 Promotions, Inc., v. Labonte II, E.D. Cal. No. 10-2164, Dkt. No. 12 (motion filed Mar. 25,
19 2011); Joe Hand Promotions, Inc., v. Jassar, E.D. Cal. No. 10-2166, Dkt. No. 10 (motion
20 filed Mar. 8, 2011); Joe Hand Promotions, Inc., v. Meola, N.D. Cal. No. 10-4781, Dkt. No.
21 19 (motion filed Feb. 25, 2011); Joe Hand Promotions, Inc., v. Estrada, E.D. Cal. No. 10-
22 2165, Dkt. No. 8 (motion filed Feb. 14, 2011); Joe Hand Promotions, Inc., v. Nguyen, N.D.
23 Cal. No. 10-2563, Dkt. No. 9 (motion filed Dec. 28, 2010); Joe Hand Promotions, Inc., v.
24 Gamino, E.D. Cal. No. 10-1544, Dkt. No. 11 (motion filed Dec. 3, 2010);  Joe Hand
25 Promotions Inc., v. Ortiz, C.D. Cal. No. 10-5019, Dkt. No. 7 (motion filed Dec. 2, 2010);
26 Joe Hand Promotions, Inc., v. Lu, N.D. Cal. No. 10-2059, Dkt. No. 14 (motion filed Sept.
27 17, 2010);  Joe Hand Promotions, Inc., v. Brown, E.D. Cal. No. 10-224, Dkt. No. 12 (motion
28 filed May 22, 2010).

Further, despite being directed to submit documentation justifying recovery of attorneys' fees, including a curriculum vitae or resume, Plaintiff's submission does not include this information. Indeed, "counsel has provided no documentation to justify recovery of attorney's, paralegal or administrative fees, such as a curriculum vitae or resume, or billing and cost records [other than] a reconstruction of services and hours long after the fact." Joe Hand Promotions, Inc. v. Be, No. 11-1333, 2011 WL 5105375, at *7. Based on these and other issues with Plaintiff's time records, the Court recommends that Plaintiff's request for attorney's fees be reduced by one-third and that Plaintiff be awarded $2,266.67 in attorneys' fees.

With respect to Plaintiff's request for $1,135.39 in costs, this amount is based on the following: $500.00 for investigative costs + $350.00 for the complaint filing fees + $202.50 for the process server + $82.89 in postage fees. Plaintiff has only provided documentation for the process server's fees. The Court finds that Plaintiff's pre-filing investigation costs are not recoverable. See Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975) (finding that certain costs were not recoverable because they were "purely investigative in nature"); Kaiser Industries Corp. v. McLouth Steel Corp., 50 F.R.D. 5, 13 (E.D. Mich. 1970) (finding that preliminary investigations were not recoverable); see also Joe Hand Promotions, Inc. v. Be, No. 11-1333, 2011 WL 5105375, at *7 (denying plaintiff's request for $500.00 in investigative costs under identical circumstances). The Court thus recommends that Plaintiff be awarded $635.39 in costs.

## CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff be awarded $2,902.06 representing $2,266.67 in attorneys' fees and $635.39 in costs.

Plaintiff shall serve a copy of this report and recommendation on Defendants within three days from the filing date of this Order and shall file a proof of service with this Court.

Any party may file objections to this report and recommendation with the district court judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  December 6, 2011

                                                                _____
                                                                 JACQUELINE SCOTT CORLEY
                                                                 UNITED STATES MAGISTRATE JUDGE